UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4607

TONY O'NEAL HARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-95-912)

Submitted: February 27, 1997

Decided: March 13, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Adrian E. Cooper, Rock Hill, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, E. Jean Howard, Assistant United
States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tony O'Neal Harris pled guilty to conspiracy to distribute crack cocaine, 21 U.S.C. § 846 (1994). He appeals his 250-month sentence, contending that the district court considered unreliable evidence to find that he was responsible for at least 1.5 kilograms of crack, and that the court clearly erred in finding that he was a leader in the offense. United States Sentencing Commission, Guidelines Manual, §§ 2D1.1, 3B1.1(c) (Nov. 1995). We affirm.

Harris was arrested on November 20, 1995, after he and Eulee Scott sold two ounces of crack to Tyrone Moore and Howard Davis in Chester, South Carolina. Moore and Davis had previously been arrested and were cooperating with authorities. Another six ounces of crack were recovered from a hidden compartment in Harris' Dodge van. At Harris' sentencing hearing, Federal Bureau of Investigation Agent Michael Doaerty testified that he learned in interviews with Davis and Moore that Harris and Scott brought crack from Florida on a weekly basis beginning in late September 1995. Both Harris and Scott lived in Florida. Harris sometimes used his Ford Crown Victoria which also had a hidden compartment. He had purchased the Dodge van in the name of a girlfriend, who lived in Charlotte, North Carolina. He also had a cellular phone in her name and the telephone records showed numerous calls to Charlotte and Gastonia in North Carolina and to Miami and Fort Lauderdale in Florida. The agent also interviewed Scott, who said that most of the drugs he and Harris transported from Florida were sold in Gastonia.

Davis also testified at the sentencing hearing. He said Harris was in charge, but did not always come with Scott to Chester to deliver drugs. Davis said he personally saw six or seven ounces of crack each time a delivery was made. He said he remembered five or six deliveries during the time he and Moore were buying crack from Harris. Taking the lowest amounts, this evidence showed deliveries of slightly less than a kilogram of crack to Davis and Moore. The district court estimated that Harris was involved with at least a kilogram and a half in the course of the conspiracy.

2

We find that the district court based its determination of the amount of crack attributable to Harris on reliable evidence. Both witnesses were subject to cross-examination and were questioned by the court. <u>See</u> USSG § 2D1.1, comment. (n.12); <u>United States v. Hicks</u>, 948 F.2d 877, 883 (4th Cir. 1991) (due process is satisfied if factual evidence relied on has minimal indicia of reliability beyond mere allegation). The court did not rely on protected information provided by Harris pursuant to his plea agreement, but on information from his co-defendants. Moreover, the court's finding that Harris exercised a leadership position was not clearly erroneous because it was supported by Davis' testimony as well as the fact that Harris owned the specially-equipped cars which were used to transport the drugs.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3